UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO: **96-3091**

MAGISTRATE JUDGE **CIV - KING**

MAGISTRATE JUDGE GARBER

GENEVIEVE M. CIRELLI, on behalf
of herself and all others
similarly situated,

    Plaintiff,

v.

KENT SECURITY SERVICES, INC.,
a Florida corporation; and
KENT SECURITY OF PALM
BEACH, INC.,
a Florida corporation,

    Defendants.

_____/

## COMPLAINT

1. Plaintiff, GENEVIEVE M. CIRELLI ("CIRELLI"), brings this action under the Fair Labor Standards Act, 29 U.S.C. §216(b), on behalf of herself and other similarly situated current and former employees of KENT SECURITY SERVICES, INC. ("KENT INC.") and KENT SECURITY OF PALM BEACH, INC. ("KENT PALM BEACH"). Plaintiff, CIRELLI is a citizen and resident of Dade County, Florida within the jurisdiction of this Honorable Court.

2. Defendant KENT INC. is a corporation organized and existing under the laws of the State of Florida with its principal place of business in Dade County, Florida and within the jurisdiction of this Court.

3. Defendant KENT PALM BEACH is a corporation organized and existing under the laws of the State of Florida with its principal

place of business in Palm Beach County, Florida and within the jurisdiction of this Court.

4. This action is brought to recover from Defendants unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of Title 29 U.S.C. § 201 et seq., and specifically under the provisions of Title 29 U.S.C. § 216(b) (the "Act").

5. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). Defendants, KENT INC. and KENT PALM BEACH are, and at all times pertinent to this Complaint were, engaged in interstate commerce. At all times pertinent to this Complaint, Defendants, KENT INC. and KENT PALM BEACH regularly owned and operated a security business in interstate commerce. On information and belief the annual gross revenue of Defendants, KENT INC. and KENT PALM BEACH was at all times material hereto in excess of $500,000.00 per annum.

6. By reason of the foregoing, KENT INC. and KENT PALM BEACH were, during all times hereafter mentioned, enterprises engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).

7. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants KENT INC. and KENT PALM BEACH who are or who were subject to the payroll practices and procedures described in paragraph 9 below and who were employed in the position of Site Supervisor and/or Training Coordinator.

2

8.  During November 1991 Plaintiff CIRELLI was hired by Defendant KENT as an security officer and ceased being an employee of such employer on or about May 29, 1996. From and after May 29, 1996 Defendant transferred Plaintiff's employment to KENT PALM BEACH. By reason of such employment Plaintiff, CIRELLI, was employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a). The work performed by Plaintiff, CIRELLI, was directly essential to the operation of a security firm in interstate commerce by Defendants, which was directly essential to the business performed by Defendants. Plaintiff CIRELLI, by virtue of her activities was engaged in commerce.

9.  At all times pertinent hereto Defendants failed to comply with Title 29 U.S.C. §§ 201-219 in that Plaintiff CIRELLI worked the hours required of her during the pay periods from and after April 1, 1996 but no provision was made by the Defendants to properly pay for those hours. Plaintiff and those similarly situated to her worked in excess of forty (40) hours during one or more workweeks beginning on or after November 1, 1993 while employed as a Site Supervisor and/or Training Coordinator. On information and belief, employees similarly situated to Plaintiff CIRELLI were not paid time and one-half for all hours worked in excess of forty (40) hours per workweek.

10. From and after April 1, 1996 Plaintiff CIRELLI was a Training Coordinator and her contract of employment with Defendants provided for a normal forty-eight (48) hour workweek for which

3

Plaintiff was to be compensated at the rate of $10.00 per hour.

11. The records, if any, concerning the number of hours actually worked by Plaintiff CIRELLI and those similarly situated to her and the compensation actually paid to such employees are in the exclusive possession and sole custody and control of Defendants. Plaintiff CIRELLI and those employees similarly situated to her are unable to state at this time the exact amount due and owing them. Plaintiff CIRELLI proposes to obtain such information by appropriate discovery proceedings to be taken promptly in this case and, if necessary, she will then seek Leave to Amend her Complaint to set forth the precise amount due each Plaintiff.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## (KENT INC.)

Plaintiff readopts and realleges all allegations contained in paragraphs 1 - 11 above.

12. Defendant KENT INC. is an employer as such term is defined by the Act, 29 U.S.C. §203(d), and as such is responsible for all violations of the Act.

13. Defendant KENT INC.'s failure to pay Plaintiff CIRELLI and those similarly situated to her time and one-half of their regular rate of pay for all hours worked in excess of forty (40) per workweek is a violation of the overtime provisions of the Act, 29 U.S.C.§ 207.

14. Plaintiff CIRELLI and those similarly situated to her are entitled to payment at the rate of time and one-half of their

regular rate of pay for all hours worked in excess of forty (40) per workweek.

15. Defendant KENT INC. knew and/or showed reckless disregard of the provisions of the Act concerning overtime compensation by its failure to pay Plaintiff CIRELLI and those similarly situated to her time and one-half of their regular rate of pay for all hours worked in excess of forty (40) per workweek.

16. By reason of Defendant KENT INC.'s. failure to pay Plaintiff CIRELLI and those similarly situated to her time and one-half of their regular rate of pay for all hours worked in excess of forty (40) per workweek, Plaintiff CIRELLI and those similarly situated to her have been injured. As a result of Defendant's willful disregard of the Act, Plaintiff CIRELLI and those similarly situated to her are entitled to liquidated damages in an amount equal to that set forth in Paragraph 14 above.

17. Plaintiff demands trial by jury.

WHEREFORE, for workweeks beginning on or after November 1, 1993, Plaintiff CIRELLI and those similarly situated to her demand judgment against Defendant KENT INC. for the overtime compensation due them, liquidated damages, reasonable attorney's fees and costs of suit, and for all proper relief including pre-judgment interest.

### COUNT II
### RECOVERY OF OVERTIME COMPENSATION
### (KENT PALM BEACH)

Plaintiff readopts and realleges all allegations contained in Paragraphs 1 through 11 above.

18. Defendant KENT PALM BEACH is an employer as such term is

defined by the Act, 29 U.S.C. §203(d), and as such is responsible for all violations of the Act.

19. Defendant KENT PALM BEACH's failure to pay Plaintiff CIRELLI and those similarly situated to her time and one-half of their regular rate of pay for all hours worked in excess of forty (40) per workweek is a violation of the overtime provisions of the Act, 29 U.S.C.§ 207.

20. Plaintiff CIRELLI and those similarly situated to her are entitled to payment at the rate of time and one-half of their regular rate of pay for all hours worked in excess of forty (40) per workweek.

21. Defendant KENT PALM BEACH knew and/or showed reckless disregard of the provisions of the Act concerning overtime compensation by its failure to pay Plaintiff CIRELLI and those similarly situated to her time and one-half of their regular rate of pay for all hours worked in excess of forty (40) per workweek.

22. By reason of Defendant KENT PALM BEACH's failure to pay Plaintiff CIRELLI and those similarly situated to her time and one-half of their regular rate of pay for all hours worked in excess of forty (40) per workweek, Plaintiff CIRELLI and those similarly situated to her have been injured. As a result of Defendant's willful disregard of the Act, Plaintiff CIRELLI and those similarly situated to her are entitled to liquidated damages in an amount equal to that set forth in Paragraph 20 above.

23. Plaintiff demands trial by jury.

WHEREFORE, for workweeks beginning on or after November 1,

1993, Plaintiff CIRELLI and those similarly situated to her demand judgment against Defendant KENT PALM BEACH for the overtime compensation due them, liquidated damages, reasonable attorney's fees and costs of suit, and for all proper relief including pre-judgment interest.

Respectfully submitted this 30 day of October, 1996.

>Donald J. Jaret, P.A.
>Counsel For Plaintiffs
>4343 W. Flagler Street
>Suite 350
>Miami, Florida 33134
>(305) 569-0080
>
>BY: _____
>Donald J. Jaret, Esq.
>Fla. Bar No. 296163

# CIVIL COVER SHEET

**96-3091 CIV - KING**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

MAGISTRATE JUDGE GARBER

**(a) PLAINTIFFS**
GENEVIEVE M. CIRELLI, on behalf of herself and all others similarly situated,

**DEFENDANTS**
KENT SECURITY SERVICES, INC., a Florida corporation; and
KENT SECURITY OF PALM BEACH, INC., a Florida corporation.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** DADE
(EXCEPT IN U.S. PLAINTIFF CASES)

A. Dade 96cv 3091 King Garber

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** DADE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
DONALD J. JARET, P.A.
4343 W. Flagler Street, Suite 350
Miami, Florida 33134  (305) 569-0080

**ATTORNEYS (IF KNOWN)**
- 0 -

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** — [X] 3. Federal Question (U.S. Government Not a Party)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**
Citizen of This State: PTF [X] 1  DEF [ ] 1
Incorporated and Principal Place of Business in Another State: PTF [ ] 5  DEF [X] 4

**IV. CAUSE OF ACTION**
Title 29 U.S.C. Sec. 201(b) & 28 U.S.C. Sec. 1337

**IVa.** 3 days estimated (for both sides) to try entire case

**V. NATURE OF SUIT**
LABOR: [X] 710 Fair Labor Standards Act

**VI. ORIGIN** — [X] 1. Original Proceeding

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
Check YES only if demanded in complaint: JURY DEMAND: [X] YES [ ] NO

**VIII. RELATED CASE(S) IF ANY:** JUDGE _____ DOCKET NUMBER _____

DATE 10/29/96
SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT
S/F 1-2 REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 669076
Date Paid: 10/31/96
Amount: _____ M/ifp: _____